# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | |
| | § | NO. 1:01-CR-211 |
| HILARIO MARTINEZ-SANCHEZ | § | |

## REPORT AND RECOMMENDATION ON PETITIONS FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 11, 2009 in the above numbered case, alleging that the Defendant, Hilario Martinez-Sanchez, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Hilario Martinez-Sanchez was sentenced on March 21, 2002, before the Honorable Howell Cobb of the Eastern District of Texas after pleading guilty to the offense of deported alien found in the United States after being convicted of an aggravated felony, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of IV, was 57 to 71 months. Hilario Martinez-Sanchez was subsequently sentenced to 60 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions

to include: the defendant shall not commit any offenses against a foreign state or nation; as a condition of supervised release, immediately upon release from confinement, the defendant shall surrender to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. Section 1101, et. seq. If ordered deported, the defendant shall remain outside of the United states. In the event the defendant is not deported, the defendant shall comply with all conditions of supervised release; drug aftercare; the defendant shall comply with any federal, state, or local registration law for offenders convicted of sexual crimes. The defendant shall be responsible for any costs associated with those registration laws. Registration shall be completed within ten days after being instructed to register by the probation officer. The defendant must provide verification of registration to the probation officer within three days following registration; and the defendant shall not have unsupervised contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

## II. The Period of Supervision

On March 28, 2006, Hilario Martinez-Sanchez completed his term of imprisonment and began service of the supervision term. On March 11, 2009, this case was reassigned to Thad Heartfield, U.S. District Judge.

## III. The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision in this District on March 11, 2009 alleging that Hilario Martinez-Sanchez violated: (1) the mandatory condition of his supervised release that he not commit another federal, state or local crime by being convicted of driving while intoxicated 2nd in Columbus, Colorado County, Texas on December 8,

2008; (2) the standard condition that he report to his probation officer each month by failing to file such reports; (3) the standard condition that he notify probation ten days prior to any change of residence by leaving his whereabouts unknown; (4) the standard condition that he notify probation within seventy-two hours of being arrested or questioned by law enforcement by failing to report his arrest and conviction for driving while intoxicated 2nd; and (5) the special condition that he surrender to an authorized immigration official for deportation and remain outside of the United States by returning to the United States after being deported on March 28, 2006 as evidenced by his conviction on December 8, 2008.

### IV. Proceedings

On March 18, 2015, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the allegation that he violated a mandatory condition of supervised release, to wit: that he not commit another federal, state, or local crime.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of six (6) months' imprisonment, with no supervised release to follow and payment of a special assessment of $100. The undersigned also recommends the Federal Correctional Complex in Beaumont, Texas be designated as the facility to serve this sentence.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that Hilario Martinez-Sanchez violated a mandatory condition of supervision by committing another crime - driving while intoxicated 2nd, Hilario Martinez-Sanchez will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the Defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his mandatory condition that he not commit another federal, state, or local crime by being convicted of driving while intoxicated 2nd. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release in each petition.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is a IV. Policy guidelines suggest 6 to 12 months' imprisonment. The Defendant did not comply with the conditions of his supervision. As such, incarceration appropriately addresses the Defendant's violations. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of six (6) months' imprisonment with no supervised release to follow, plus payment of a $100 special assessment that remains unpaid. The undersigned also recommends the Federal Correctional Complex in Beaumont, Texas be designated as the facility to serve this sentence.

## VII. Recommendations

1. The court should find that the Defendant violated a mandatory condition of supervised release by committing another crime, driving while intoxicated 2nd.
.
2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of six (6) months' imprisonment

with no supervised release to follow, plus payment of a special assessment of $100 that remains unpaid.

4. The undersigned also recommends the Federal Correctional Complex in Beaumont, Texas be designated as the facility for the Defendant to serve this sentence.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 24th day of March, 2015.

_____
Zack Hawthorn
United States Magistrate Judge